UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY MARION COOK,

    Petitioner,

v.                                              Case No. 8:02-cv-1375-T-23MAP

MICHAEL W. MOORE,

    Respondent.
_____/

## **O R D E R**

Cook petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and challenges his conviction for solicitation to commit murder, for which he was sentenced to life imprisonment as a violent habitual offender. Respondent opposes the petition with a motion to dismiss (Doc. 5) and argues that the petition is time-barred. Having considered the arguments of the parties and reviewed the record, this court concludes that the petition is timely.

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Cook's limitations period commenced on March 19, 1998, but it ceased 49 days later when Cook file his state Rule 3.850 motion for post-conviction relief.  Pursuant to § 2244(d)(2), the limitations period was stayed until June 7, 2001, when the mandate was issued resolving the post-conviction proceeding.  Consequently, Cook had 316 days (365 - 49 = 316), or until April 19, 2002,  to file his federal petition.  Cook timely filed several federal petitions, but each was dismissed without prejudice.  Cook faces a tolling obstacle:  although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time during which a federal habeas petition is pending does not toll the one-year limitation period.  *See Duncan v. Walker*, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).

As determined above, Cook had until April 19, 2002, to timely file his federal petition.  Cook timely filed a federal petition on February 4, 2002, but that action was immediately dismissed without prejudice for lack of complete exhaustion.  *See* 8:02-cv-236-T-26TGW.  A little more than three weeks later, Cook timely filed a second federal petition, but that action was dismissed without prejudice a month later because the petition was not signed.  *See* 8:02-cv-468-T-17TGW.  Two weeks after the second

dismissal, Cook timely filed a third federal petition on April 17, 2002, just two days before expiration of the limitations period.  That action remained pending for more than three months before it was dismissed, purportedly without prejudice, for failure to pay the required filing fee or file a motion for leave to proceed *in forma pauperis*.  But at the time of the dismissal, July 22, 2002, the limitations period had expired.  Cook immediately filed a new petition (within four days of issuance of the order dismissing the third petition), commencing this his fourth federal action.

The dismissal of the third, timely-filed federal petition after expiration of the limitations period, such that the dismissal was tantamount to a dismissal with prejudice, is precisely the situation foretold in *Walker*.  "[T]here is every reason to do so [(retain jurisdiction over a meritorious claim and stay further proceedings)] . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.  *Walker*, 533 U.S. at 183 (Stevens, J., concurring).  Recently, the Supreme Court cautioned that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines v. Weber*, ___ U.S. ___, 125 S. Ct. 1528, 1535 (2005).  Cook's situation is similar to the obstacles petitioners Walker and Rhines

faced.  *See also Thompson v. Crosby*, 320 F.3d 1228 (11th Cir. 2003), *judgment vacated and remanded* ___ U.S. ___, 125 S. Ct. 1722 (2005).[*]

Cook clearly attempted to comply with the limitations period by timely filing three separate federal petitions, each of which was dismissed without prejudice.  He responded quickly to each of the dismissals by filing a new petition, purportedly correcting the defects in the preceding rejected petition.  The dismissal of his first, timely-filed petition for lack of complete exhaustion occurred just two months before expiration of the limitations period. The dismissal of his third, timely-filed petition was after the limitations period had expired, but he commenced the present action only four days later.

Accordingly, the motion to dismiss (Doc. 5) is **DENIED**.  Respondent shall file his response to the merits of the petition on or before Monday, August, 22, 2005, and Cook shall file his reply on or before Monday, September 12, 2005.  The court does not anticipate extending these deadlines.

ORDERED in Tampa, Florida, on August 2, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[*] Remanded for reconsideration in light of *Rhines*.