UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STANLEY MARION COOK,

    Petitioner,

v.                                                  Case No. 8:02-cv-1375-T-23MAP

MICHAEL MOORE,

    Respondent.
_____/

## ORDER

Cook petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for solicitation to commit first degree murder of a state prosecutor, for which offense he is serving a sentence of life imprisonment. This action is proceeding based on Cook's petition for writ of habeas corpus (Doc. 1), response (Doc. 11), which is supported by numerous exhibits ("Respondent's Exhibit"), and Cook's reply (Doc. 12). Having considered the arguments of the parties and reviewed the record, this court concludes that the petition should be denied.

FACTS

In 1995 Stanley Cook was in pretrial detention facing various drug charges and for being a felon in possession of a firearm, offenses for which the prosecutor was seeking an enhanced habitual offender sentence. Cook revealed to another pretrial detainee, Wiggins, that he wanted to have the prosecutor killed. Wiggins alerted the prosecutor's office and cooperated as an informant, including wearing a concealed "bug" to record conversations with Cook. Wiggins convinced Cook that he could find a

"hit man." Actually, the "hit man" was an undercover officer who met with Wiggins and Cook in the jail. Cook devised a plan to identify the prosecutor during a hearing while the "hit man" was seated in the courtroom as a spectator. This was to ensure the "hit man" killed the right prosecutor. Cook's subsequent identification of the prosecutor was recorded on a hidden camera in the courtroom.

## ISSUES NOT REVIEWABLE

<u>No Asserted Constitutional Violation:</u>

Grounds One, Two, and Four (A) and (E) fail to allege a violation of Cook's federal constitutional rights. Cook alleges that the trial court erred by allowing the state to (1) impeach a defense witness with pending charges in an unrelated case (Ground One), and (2) present the testimony of two witnesses, neither of whom were listed as potential witnesses (Ground Two). Cook alleges that defense counsel was ineffective for failing to (1) move to dismiss the information because, according to state law, solicitation to commit murder must be charged in an indictment instead of an information (Ground Four (A)), and (2) object to testimony about Cook's prior felony convictions (Ground Four (E)).

Federal habeas corpus relief is generally not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Pulley v. Harris*, 465 U.S. 37 (1984); *Wainwright v. Goode*, 464 U.S. 78 (1983). Federal courts possess only limited authority to consider state evidentiary rulings in habeas corpus proceedings. *Burgett v. Texas*, 389 U.S. 109, 113-14 (1967). Rather, a federal court's inquiry into state evidentiary rulings is limited to an examination of whether the state violated federally

guaranteed rights, *Nordskog v. Wainwright*, 546 F.2d 69, 72 (5th Cir. 1977), such as the denial of fundamental fairness. *Hall v. Wainwright*, 733 F.2d 766, 770 (11th Cir. 1984). "As a guideline for applying the criterion of fundamental fairness, the erroneous admission of prejudicial evidence can justify habeas corpus relief only if it is `material in the sense of a crucial, highly significant factor." *Dickson v. Wainwright*, 683 F.2d 348, 350 (11th Cir. 1982) (citations omitted). The category of infractions that violate fundamental fairness is narrowly defined. *Estelle v. McGuire*, 502 U.S. 62, 73 (1991). For the most part, evidentiary rulings simply do not raise questions of a constitutional magnitude.

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *Mendiola v. Estelle,* 635 F.2d 487, 489 (5th Cir. 1981).

*McCullough v. Singletary,* 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993). Because Cook has not shown that the state violated his right to fundamental fairness, Grounds One, Two, and Four (A) and (E) are meritless.

Exhaustion and Procedural Default:

Cook failed to properly present to the state courts Grounds Three, Four (C), (F), (G), and (I), Five, Six, and Seven. Consequently, the exhaustion and procedural default doctrines preclude federal review of these grounds.

To meet the exhaustion requirement, Cook must present his claims to the state courts before raising them in federal court, and the claims raised in federal court must be the same claims presented to the state courts. *Picard v. Connor*, 404, U.S. 270, 275 (1971) ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). "Mere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Additionally, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The reverse of this statement is likewise true, that is, it is not enough to present the federal claim to the state courts but not the facts necessary to support the claim. *See, e.g., Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983) ("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or entirely new factual claims in support of the writ before the federal court.").

Moreover, the claims must be fairly presented throughout the state court system and not just the trial court. "[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated." *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995). *Accord Duncan v. Henry*, 513 U.S. 364, 365 (1995) ("[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State

the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.") quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971). Additionally, to avoid a procedural default, a petitioner must present his claims to the state courts in a procedurally correct manner, which means that "[i]n Florida, in non-death penalty cases, the applicant must have apprised a district court of appeal." *Upshaw,* 70 F.3d at 579.

The record shows that Cook never presented Ground Seven to the state courts, and that he failed to present Ground Three as a federal issue. The record also shows that Cook failed to present Grounds Four (C), (F), (G), and (I), Five, and Six to the district court of appeal. Although Cook raised these latter grounds in the state trial court during the post-conviction proceeding, he failed to include the denial of each ground in his appeal. Consequently, all of these grounds are procedurally defaulted.

The failure to properly exhaust state court remedies when remedies are available results in a procedural default of the unexhausted claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."), and *Kennedy v. Herring*, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), *appeal after remand, Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir.), *cert. denied sub nom Kennedy v. Haley*, 526 U.S. 1075 (1999). Cook has not shown that he meets any exception to application of the procedural default rules. Grounds Three, Four (C), (F), (G), and (I), Five, Six, and Seven are, therefore, procedurally barred from federal review.

## ISSUES REVIEWABLE

The only grounds Cook properly presented to the state courts in compliance with the exhaustion and procedural default doctrines are three claims of ineffective assistance of trial counsel, claims that he raised in his Rule 3.850 motion for post-conviction relief and on appeal:[1] (1) counsel failed to use peremptory strikes to remove biased members of the venire (Ground 4(B)); (2) counsel failed to renew an objection to the admissibility of enhanced audio tape recordings (Ground 4(D)); and (3) counsel failed to assert a defense of entrapment (Ground 4(H)). Cook has not shown that he is entitled to habeas relief based on these grounds.

Standard of Review:

Because this action commenced after April 24, 1996, 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs these proceedings. *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Section 2254(d) creates a highly deferential standard for federal court review of state court adjudications. In pertinent part, § 2254(d) states:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

---

[1] The three grounds that Cook raised on direct appeal are not reviewable on the merits. As determined above, Grounds One and Two fail to assert a federal constitutional issue, and Ground Three was presented to the state courts only as a state law issue.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, §2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Moreover, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

- 7 -

Cook's conviction was affirmed on direct appeal in a *per curiam* decision (Respondent's Exhibit 3), and the denial of his subsequent Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another *per curiam* decision (Respondent's Exhibit 9). The state appellate court's *per curiam* affirmances are still entitled to deference under § 2254(d)(1), because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v.* Crosby, 538 U.S. 906 (2003).

Cook has the burden of overcoming all state court factual determinations by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. *Parker v. Head,* 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

Ineffective Assistance of Counsel:

Cook claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim.

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

If counsel erred in representing Cook, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Cook must demonstrate that the error prejudiced the defense to compel a finding of ineffective assistance of counsel. *Strickland*, 466 U.S. at 692. To meet this burden, Cook must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland,* 466 U.S. at 690-91. Cook cannot meet this burden by simply showing that, in hindsight, the avenue chosen by counsel proves ineffective.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord. Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So,

- 10 -

omissions are inevitable. . . . [T]he issue is not what is possible or "what is prudent or appropriate, but only what is constitutionally compelled.") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126, 97 L.Ed.2d 638 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise frivolous claims).

As stated above, Cook must prove that the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Consequently, the state court's determination of each of Cook's claims largely governs this court's review of those same claims.

The state court correctly recognized that Cook's claims are governed by *Strickland*. Respondent's Exhibit 12, Vol. III at 422. Consequently, Cook cannot meet the "contrary to" test in 28 U.S.C. § 2254(d)(1). Cook must instead show that the state court's decision is an unreasonable application of *Strickland* or an unreasonable determination of the facts.

Ground Four (B):

Cook alleges that trial counsel was ineffective for failing to use available peremptory challenges to remove members of the venire, individuals whom Cook claims were biased against him. The state court rejected this claim, stating:

> Defendant claims that counsel was ineffective for failing to
> exercise peremptory strikes to exclude three prospective jurors (3, 6 and

8) who stated during voir dire that they would believe police officers over inmates if there was a conflict in the testimony.

> A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy.

Anderson v. State, 467 So. 2d 781 (Fla. 3d DCA 1985), quoting Michel v. Louisiana, 350 U.S. 91 at 101, 76 S. Ct. 158 at 164, 100 L. Ed. 83 (1955).

In Meeks v. State, 408 So. 2d 987 (Fla. 1982), the defendant asserted that counsel conducted inadequate jury *voir dire* and failed to seek and obtain additional peremptory challenges. The court in Meeks found that methods of jury *voir dire* are subjective and individualistic and the views of what is of [sic] the most successful strategic approach are divergent. Id at 988.

Moreover, defense counsel brought out during questioning that juror number 3 agreed with juror number 2 that police officers could fabricate stories or create non-existing criminal situations. (T 112).

Furthermore, jurors numbers 1, 3, 6 and 8 indicated that they would not be afraid to find a person "not guilty," even if the offense involved law enforcement or a law enforcement officer. (T 137).

Juror number 1 indicated that he knew a prosecutor, had a hearing problem, was a victim of a crime, serves deputies in his store, and that his wife was convicted of driving under the influence. However, juror number 1 indicated that he could set these factors aside and be fair and impartial. (T 69-70, 75-76, 126). Even though juror number 8 had a daughter whose ex-fiancee was a State Trooper, he and his father were victims of crimes, he had knowledge of explosives from serving time in the military, and he had a hearing problem[, he] indicated that he could still be fair and impartial. (T 55-56). Both jurors 1 and 8 assured the court that if they did not or could not hear something during the trial they would raise their right hand so that it would be repeated for them. (T 47).

"The test for determining juror competency is whether the juror can lay aside any bias or prejudice and render a verdict solely upon the evidence presented and the instructions on the law given at the time." Ferrell v. State, 697 So. 2d 198 (Fla. 2d DCA 1997), quoting Bryant v. State, 656 So. 2d 426 (Fla. 1995).

*Voir dire* examinations are strategic decisions made by counsel. Defense counsel's failure to seek peremptory strikes to jurors 1, 3, 6, and 8, in this case, do not necessitate a conclusion of ineffectiveness. Additionally, Defendant fails to show prejudice as there was no showing by Defendant of any conflicting testimony between Defendant and police

> officers at trial. Furthermore, Defendant fails to show that there is a reasonable probability that the outcome would have been different if jurors 1, 3, 6, and 8 had not been on the panel. Based on Defendant's failure to meet the second prong of the Strickland test, ground two is denied.

Respondent's Exhibit 12, Vol. III at 425-27.

Whether to exercise peremptory challenges is a matter left to the discretion of counsel. "Decisions on selection of a jury are among the many entrusted to counsel rather than to defendants personally." *United States v. Boyd*, 86 F.3d 719, 723 (7th Cir. 1996), *cert. denied*, 520 U.S. 1231 (1997). Cook's Ground Four (B) fails because he has not shown that the state court unreasonably determined the facts or unreasonably applied *Strickland*. *See Mincey v. Head*, 206 F.3d 1106, 1143 (11th Cir. 2000) ("We must respect the counsel's tactics if they seem 'reasonable considering all the circumstances.'" (quoting *Strickland*)).

Ground Four (D):

Cook alleges that trial counsel was ineffective for failing to renew an objection to the admissibility of enhanced tape recordings that were not properly authenticated. The state court rejected this claim, stating:

> Defendant alleges that his counsel failed to challenge the admissibility of the audio tape on the ground of insufficient predicate. Defendant claims that because Detective Warrent merely testified that nothing in the tape was changed or altered, and that the original audio-tape was enhanced by NASA due to its inaudibility, such testimony alone was insufficient to lay a proper foundation. A trial counsel's failure to seek to have suppressed inadmissible evidence may be a sufficient ground for post-conviction relief if the defendant establishes (1) that counsel knew or should have known that a valid basis existed to suppress evidence, and (2) that counsel failed to act accordingly. Upshaw v. State, 536 So. 2d 379 (Fla. 2d DCA 1988); Harrison v. State, 562 So. 2d 827 (Fla. 2d DCA 1990). Defendant's allegation does not meet this test. He

> merely speculates that there was a possibility of alteration, and fails to specify any irregularity in the procedure utilized to enhance audibility of the tape.
>
> Moreover, Defendant fails to adequately illustrate how counsel's alleged inaction would have affected the outcome of the proceedings. The record reflects that defense counsel filed a motion to Exclude Audio Tape Recordings From Evidence on June 10, 1996, on the grounds of possible alteration and its incompleteness. [. . .] The issue was preserved for appeal. The Court denied the motion and admitted the tapes into evidence. Having already ruled on counsel's motion, the Court would have overruled any subsequent objections to the introduction of the audio tapes, even if counsel had made further challenges on that ground. Because Defendant fails to meet both prongs of the Strickland test, no relief is warranted and ground four is denied.

Respondent's Exhibit 12, Vol. III at 429-30. Based on the above findings, the state court correctly determined that Cook failed to show that counsel's performance was deficient because any further objection by counsel would have been fruitless.[2]

Ground Four (H):

Cook alleges that trial counsel was ineffective for failing to present the defense of entrapment. The state court rejected this claim, stating:

> Defendant claims that his counsel failed to pursue a defense of entrapment. To maintain a claim of ineffective assistance of counsel due to counsel's failure to investigate or pursue a defense, the defendant must prove that he in fact had a viable defense. Frazier v. State, 447 So. 2d 959 (Fla. 1st DCA 1984); Diaz v. State, 534 So. 2d 817 (Fla. 3d DCA 1988). The essential element of the defense of entrapment is the absence of a predisposition of the defendant to commit the offense. See State v. Dickinson, 370 So. 2d 762 (Fla. 1979). The fact that officers or employees of the government merely afford opportunities for the commission of the offense does not defeat prosecution. United States v. Russler, 411 U.S. 423 (1973).

---

[2] The only reviewable issue is whether counsel was ineffective. Whether the evidence was properly admissible is a state evidentiary issue not reviewable in federal habeas corpus proceedings. See discussion at p. 2 et seq.

- 14 -

In <u>Munoz v. State</u>, 629 So. 2d 90, 95 (1993), the Florida Supreme Court stated:

> "The first question to be addressed under the subjective test is whether an agent of the government induced the accused to commit the offense charged. On this issue, the accused has the burden of proof and, pursuant to Section 777.201, must establish this factor by a preponderance of the evidence. If the first question is answered affirmatively, the second question arises as to whether the accused was predisposed to commit the offense charged; that is whether the accused was awaiting any propitious opportunity or was ready and willing, without persuasion, to commit the offense. On this second question, according to our decision in <u>Herrera</u>, the defendant initially has the burden to establish lack of predisposition. As soon as the defendant produces evidence of no predisposition, the burden then shifts to the prosecution to rebut this evidence beyond a reasonable doubt."

When a defendant raises an allegation concerning counsel's alleged failure to consider, develop, or present the defense of entrapment, an evidentiary hearing may be necessary only if a defendant sets out a detailed recitation of facts and specific measures counsel should have taken to discover entrapment. <u>Manley v. State</u>, 605 So. 2d 1327 (Fla. 2d DCA 1992); <u>Rogers v. State</u>, 567 So. 2d 483 (Fla. 1st DCA 1990); <u>Martinelli v. State</u>, 467 So. 2d 841 (Fla. 4th DCA 1985).

Defendant presents portions of the taped transcripts and the trial testimony to substantiate his allegation that he had a defense of entrapment. However, the taped transcripts do not establish the absence of a predisposition to commit the offense, nor does Defendant set out the specific measures he believes his counsel should have taken. Defendant merely alleges that he was "instigated, induced, or lured" by Wiggins who "would do anything to get out of jail" to commit the crime, and by Detective Fisher, an undercover officer posing as a hit man, despite his unwillingness to pursue the plan. [ . . . ] Given the lack of specificity of the allegations, and the lack of material relevance of the facts to that defense, Defendant's claim fails to satisfy the first prong of the <u>Strickland</u> test.

Furthermore, no prejudice has been demonstrated. Defendant admitted at trial that he told Wiggins that he would kill the victim and that he sent hand signals to Detective Fisher to identify Ms. Baldwin in the courtroom. (<u>See</u> trial transcript, pp 705-706, attached). However, Defendant explained to the jury that he never had any intent to have the victim killed and that all the conversations he had with Wiggins and

> Detective Fisher were merely "tough talk." (<u>See</u> trial transcript pp 682-696, 701-706, attached). The record further demonstrates that while defense counsel neither used the specific word "entrapment," nor requested a jury instruction on that defense, counsel argued in the closing arguments that the State's witnesses came up with the plan, and that they enticed and encouraged Defendant to agree to the plan, which is consistent with the defense of entrapment. (<u>See</u> trial transcript, pp 808-810, 811, 816, 825, 831, attached). Defense counsel is not deficient simply because he ultimately failed to persuade the jury. <u>Ferguson v. State</u>, 593 So. 2d 508 (Fla. 1992). The fact that the trial strategy was unsuccessful does not mean that representation was inadequate. <u>Sireci v. State</u>, 469 So. 2d 119 (Fla. 1985). Accordingly, no relief is warranted on ground ten.

Respondent's Exhibit 12, Vol. III at 442-45. Cook fails to show both deficient performance and prejudice. The record supports the state court's determination that trial counsel presented the substance of an entrapment defense and argued such to the jury. The state court did not unreasonably determine the facts or unreasonably apply *Strickland*.

Accordingly, the petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Cook and close this action.

ORDERED in Tampa, Florida, on September 30th, 2005.

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

SA/ro